IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARK DEMING,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MONTANA SEVENTH JUDICIAL DISTRICT COURT, RICHLAND COUNTY; RICHLAND COUNTY e.t.a.l.; CHARITY McLARTY, Attorney at Law; ALI MOULTON, Attorney at Law,<br><br>　　　　Defendants. | Cause No. CV 21-19-BLG-SPW-KLD<br><br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

　　On February 18, 2021, Plaintiff Deming filed a complaint alleging violation of his civil rights under 42 U.S.C. § 1983. On March 29, 2021, the Court explained that Deming could proceed only by filing a petition under 28 U.S.C. § 2254. *See* Order (Doc. 5) at 2–3.

　　Deming responded on April 21, 2021, by filing a petition for writ of habeas corpus. The petition was filed under Cause No. CV 21-41-BLG-SPW-KLD.

　　This action should be dismissed. Deming alleges due process violations in the course of the criminal prosecution that resulted in his conviction and imprisonment. *See* Compl. (Doc. 1) at 3 ¶ 10; Br. in Supp. (Doc. 3) at 2–4 ¶¶ 1–

1

10.  He is currently serving the suspended portion of his sentence on probation. *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2001); *see also Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *see also* Br. in Supp. (Doc. 3) at 4; Notice of Change of Address (Doc. 4) at 1.

In federal court, a person who is in custody pursuant to a state court's criminal judgment may challenge the validity or constitutionality of his custody only under 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973); 28 U.S.C. § 2254(a).  "Civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. This action should be DISMISSED.

2. The clerk should be directed to enter, by separate document, a judgment of dismissal.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Deming may object to the Findings and Recommendations within 14 days.

*See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 30th day of April, 2021.

/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.